UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DANIEL L. PEGUES (#547539)**

**VERSUS**

**TIM HOOPER, ET AL.**

CIVIL ACTION

NO. 23-270-JWD-SDJ

**ORDER**

Before the Court is the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 5). The plaintiff seeks an order from this Court prohibiting the defendants herein from being within 80 feet of him, prohibiting defendants from entering the building where the plaintiff is housed, and requiring the plaintiff to be transferred to another facility.

As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case. *See* generally *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985). Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See* also *Allied Marketing Group., Inc. v. CDL Marketing, Inc*., 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception

rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

The plaintiff has not addressed any of the elements necessary to obtain a preliminary injunction. Nevertheless, it does not appear that there is a substantial likelihood of prevailing on the merits as the plaintiff's claims appear to be unexhausted. Plaintiff asserts in his Complaint that his grievance was rejected and not processed. As such it appears that plaintiff failed to exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e. Consequently, there is no substantial likelihood of prevailing on the merits of these claims. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 5) is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>May 19, 2023</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**